## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PATRICE YOUNGBLOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 22-CV-2822-SMY |
| | ) | |
| MENARD, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>MEMORANDUM AND ORDER</u>

**YANDLE, District Judge:**

Plaintiff Patrice Youngblood filed this personal injury action against Defendant Menard, Inc., claiming Defendant failed to secure the transition strip of an entry mat on its premises, which caused her to fall and injure her shoulder.  Plaintiff's Appeal of Magistrate Judge Sison's Order on Plaintiff's Motion for discovery to adjudicate claim of attorney client privilege (Doc. 36) is now before the Court for consideration.

This case stems from injuries Plaintiff allegedly sustained on August 29, 2022 (Doc. 1). The parties have engaged in discovery, including depositions of Defendant's assistant store manager Michael Welker, hardware department manager Michael Marlo, and cashier Jody Houghland (Doc. 29-1, pp. 10:4–12:12).  During Houghland's deposition, counsel for Menard asserted the attorney-client privilege with respect to conversations he had with Welker and Houghland a week earlier (*Id.*, p. 12:14–19).  Counsel also invoked the attorney-client privilege during Marlo's deposition for conversations that occurred a week prior to his deposition (Doc. 35, pp. 4–5).

Plaintiff subsequently filed a motion to adjudicate Counsel's claims of attorney client privilege, asserting "defense counsel cannot gratuitously offer to serve as personal counsel for a low-level corporate employee to obstruct the discovery process." (Doc. 29, p. 2). Additionally, Plaintiff argued that counsel for Menard violated the Illinois Rules of Professional Conduct by soliciting clients. Responding in opposition to the motion, Defendant maintained that its counsel represented the employees individually, rendering the corporate control group analysis inapplicable, and that Plaintiff's claim of solicitation had no factual basis (Doc. 31).

Judge Sison conducted a hearing on the motion on July 9, 2024 and concluded the attorney-client privilege existed (Doc. 36). Judge Sison found that the circumstances in this case were nearly identical to the *Buckman* case, in which the court held that the attorney-client privilege applied when the defendant hospital directed a nurse to its corporate counsel following the nurse's receipt of the plaintiff's deposition subpoena. *Buckman v. Columbus-Cabrini Med. Ctr.*, 272 Ill.App.3d 1060, 1066 (Ill. App. Ct. 1st Dist. 1995). Judge Sison also concluded that Menard's counsel did not engage in solicitation, stating "Plaintiff has failed to demonstrate any improper contact with the three witnesses or that defense counsel coerced the witnesses into allowing him to represent them." (Doc. 35, p. 15). Plaintiff argues that Judge Sison erred "in finding [the] employees had a common interest with Menard in defeating plaintiff's claim" (Doc. 36, pp. 3–5) and that "the record demonstrates defense counsel solicited the representation." (*Id.*, p. 3–4).

Under Local Rule 73.1(a) of the Southern District of Illinois and Federal Rule of Civil Procedure 72(a), a district judge to whom the case is assigned may modify or set aside any portion of the magistrate judge's decision if the decision is "clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a). A decision is clearly erroneous when, on the entire record, the

reviewing court is left with the definite and firm conviction that a mistake has been committed. *Weeks v. Samsung Heavy Indus*. Co., 126 F.3d 926, 943 (7th Cir. 1997).

Here, the Court's review of the record reveals no justification for reversing Judge Sison's rulings. Judge Sison correctly determined that *Buckman* applies; Menard's employees seeking out counsel upon deposition notice constitutes legal representation which triggers the attorney-client privilege. Plaintiff's attempt to distinguish between *Buckman* and this case based on potential liability of the nurse in *Buckman* is unpersuasive because the Illinois Appellate Court's ruling did not depend on that fact. *See Buckman*, 272 Ill.App.3d at 1063. Thus, regardless of whether these employees share a common interest with Menard in defending Plaintiff's claim, the attorney-client privilege applies. Additionally, Plaintiff has presented no evidence that Menard's counsel solicited these employees for representation. Therefore, Judge Sison's ruling was neither clearly erroneous nor contrary to law.

For the foregoing reasons, this Court concludes that Judge Sison's rulings were proper and within the bounds of reasonable discretion. Accordingly, Plaintiff's appeal is **DENIED.**

**IT IS SO ORDERED.**

**DATED:  September 30, 2024**

**STACI M. YANDLE**
**United States District Judge**